JOSHUA D. KIENITZ, Bar No. 244903
jkienitz@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:   925.932.2468
Fax No.:       925.946.9809

DANIEL J. RODRIGUEZ, Bar No. 341584
djrodriguez@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 433-1940
Facsimile: (415) 399-8490

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH SANDADI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, DOES 1 TO 10,<br><br>　　　　　Defendant. | Case No. 3:23-cv-00115<br><br>[San Francisco Superior Court<br> Case No. CGC-22-603351]<br><br>**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed: December 8, 2022 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SATISH SANDADI:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of San Francisco to the United States District Court, Northern District of California. Removal is proper based on the existence of a federal question, as further discussed below.

### A. PROCEDURAL BACKGROUND

On December 8, 2022, Plaintiff Satish Sandadi ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Francisco, which is captioned as follows: <u>Satish Sandadi v. Pacific Gas and Electric, Does 1 to 10</u>, Case No. CGC-22-603351. ("Complaint" or "Compl."). The Complaint contains five causes of action, alleging: (1) Nationality and Racial Discrimination; (2) Wrongful Discharge; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Infliction of Emotional Distress. On December 12, 2022, PG&E was served with the Summons and Complaint. *Id*. True and correct copies of the Summons and Complaint are attached to the supporting Declaration of Daniel Rodriguez ("Rodriguez Decl.") as **Exhibit 1**.

Pursuant to 28 U.S.C. § 1446(a), the referenced and provided Exhibits constitute all process, pleadings, and orders served on Defendant, filed or received by Defendant, or filed and downloaded from the San Francisco County Superior Court website in this action.

### B. REMOVAL JURISDICTION

**1.    Venue is Proper in this District.**

Plaintiff filed this action in the Superior Court of California, City and County of San Francisco. Therefore, pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), venue properly lies in this district court.

**2.    This Removal is Timely.**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it is within thirty 30 days after PG&E received the summons and Complaint. Service occurred on December 12, 2022.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

(Rodriguez Decl., Exhibit 1).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 354 (1999) (holding removal period is triggered by completed service of process). This removal is timely filed within 30 days thereafter.

### 3. The Parties and the Union.

Plaintiff was employed by PG&E in a classification that is part of the bargaining unit represented by the Engineers and Scientists of California, Local 20 IFPTE ("ESC" or "Union"). (Declaration of Krystal Duval ["Duval Decl."] at ¶ 3).

PG&E is a company engaged in an industry affecting commerce within the meaning of the National Labor Relations Act ("NLRA").  29 U.S.C. §§ 152(2), (6), (7), and 185(a).  The ESC is a labor organization under the NLRA and LMRA.  29 U.S.C. §§ 152(5) and 185(a).  PG&E and the ESC, at all relevant times, have been parties to a CBA.  A true and correct copy of the CBA in effect during Plaintiff's employment, and applicable to Plaintiff's employment, are attached to the Duval Decl. as **Exhibit 2**.  (*See also* Defendant's Request for Judicial Notice ["RJN"] at ¶ 1).

### 4. A Federal Question Exists.

This Court has jurisdiction because a federal question exists, namely, whether PG&E breached the covenant of good faith and fair dealing based on an express contract where the only express contract is a collective bargaining agreement.  As the basis of this claim is the alleged breach of a collective bargaining agreement, it is preempted by Section 301 of the Labor Management Relations Act ("LMRA").  Further discussion below.

## C. FACTUAL BACKGROUND

### 1. Plaintiff's Employment

Plaintiff began working for PG&E as a Hiring Hall New Business Representative on July 20, 2020.  (Duval Decl., ¶ 4).  Throughout his time as a PG&E employee, Plaintiff was in a classification within the ESC-represented bargaining unit, and therefore, was subject to the CBA. (Duval Decl., ¶ 4).  Plaintiff's employment at PG&E ended on January 17, 2021.  (Duval Decl., ¶ 4).

### 2. Pleaded Allegations Relevant to Removal and Federal Question

Plaintiff alleges the following in his Complaint:

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

> The express contract of employment…contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions thereof in good faith, and to refrain from doing any act that would prevent or impede Plaintiff from performing any or all of the terms of said contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of said express contract.
>
> During the entire period of his employment with Defendants, Plaintiff relied on the provisions of said express contract with the expectation that Defendants would live up to their policies and procedures if Defendants believed in good faith that there existed good cause to discharge Plaintiff.
>
> On January 15, 2021, in Concord, CA, Defendants breached the covenant of good faith and fair dealing under said express employment agreement by terminating Plaintiff's employment intentionally, maliciously, and without probable cause, in bad faith not because of Plaintiff's poor performance or for violation of Defendants' policies or procedures, but because of Plaintiff's race and nationality.

(Compl., ¶¶ 14, 15, 16.) To be clear, there was an express contract that governed the terms of Plaintiff's employment – the CBA. (Duval Decl., ¶ 4).

To support his claims of Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress ("NIED"), Plaintiff alleges that Defendants' actions in terminating him because of his nationality and race caused him extreme emotional anxiety and physical and mental distress. (Compl., ¶¶ 22, 27.) He alleges that the acts of Defendants were done willfully, intentionally, and maliciously. (Compl. ¶ 23.) Plaintiff also alleges that PG&E breached its duty of care owed to Plaintiff when it terminated his employment. (Compl. ¶ 26.)

Each of Plaintiff's five causes of action centers around his alleged termination, and the Complaint specifically mentions the alleged termination under each cause of action. (Compl. ¶¶ 4, 10, 16, 22, 26.)

**3.  Relevant Collective Bargaining Agreement Provisions.**

The current CBA went into effect January 1, 2016, and was extended through 2021. (Duval Decl., ¶ 3.) The CBA includes the following provision:

> **27.1 [Management of Company]** The management of the Company and its business and the direction of its working forces are vested exclusively in the Company; and this includes, but is not limited to, the following: to direct and supervise the work of its employees; **to hire, promote, demote, transfer, suspend and discipline, or discharge employees for just cause**; to plan, direct, and control operations; to lay off employees because of lack of

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

work or for other legitimate reasons; to introduce new or improve methods or facilities, provided, however, that all of the foregoing shall be subject to the provisions of this Agreement, arbitration, or Review Committee decisions or letter agreements or memorandums of understanding clarifying or interpreting this Agreement.

(*Id.* at Exh. 2, p. 68.) (emphasis added.)

Further, the CBA contains a grievance provision listed under Title 14 which provides bargaining unit employees a method to dispute alleged violations of the CBA. (*Id*. at Exh. 2, p. 37.)

The CBA also contains several provisions specific to the hiring and employment of Hiring Hall employees, like Plaintiff. Section 27.2(b) provides, in relevant part: "The hiring of temporary employees under the Hiring Hall letter agreement (Exhibit C) is considered contracting for purposes of this section." (*Id.* at Exh. 2, p. 68.)

Exhibit C covers hiring hall employees and provides, in relevant part: "The Company and the Engineers and Scientists of California recognize a need to continue to utilize temporary employees to meet the interests of both parties. Some of the factors include: (1) having qualified personnel perform work that is temporary in nature; (2) avoiding the implementation of the demotion and layoff procedures as a result of adding employees to the regular work force for work that will not continue in the near future; (3) providing employment security for the regular work force and to maintain the standard of living for such work force; (4) working together cooperatively to meet the objectives of both parties; and (5) allowing sufficient time to adequately train new regular employees." (*Id*. at Exh. 2, p. 102.)

Section B(5) of Exhibit C, consistently with the expressly temporary nature of Hiring Hall employees, provides that the duration of the assignment (if known) shall be specified by PG&E in the request to ESC for authorization of a Hiring Hall position. (*Id.* at Exh. 2, p. 103.)

Section E of Exhibit C further clarifies ESC's and PG&E's intent for Hiring Hall employees, providing, in relevant part: "Temporary employees shall not attain regular status or any entitlements that regular employees have, unless otherwise agreed to by the parties." (*Id.* at Exh. 2, p. 104.)

### D. LEGAL DISCUSSION

All of Plaintiff's claims either involve or depend entirely upon whether PG&E breached the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

alleged "express contract of employment." However, in this case, the express contract of employment is a collective bargaining agreement, and this case is therefore removable under Section 301. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1000 (9th Cir. 1987) ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301").

1. **This Court Has Jurisdiction Over the Complaint Under Section 301 because Plaintiff's Claims Depend Upon Rights Created and/or Governed by the CBA.**

There is a strong federal policy, as expressed in the LMRA, that amicable labor-management relations be safeguarded and promoted through the development of a uniform body of federal common law regarding collective bargaining agreements. *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 456–57 (1957). Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement. *See United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *accord Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is purposefully construed "quite broadly to cover most state-law actions that require interpretation of labor agreements"). Where, as here, the complaint alleges that a plaintiff was wrongfully denied rights created by a collective bargaining agreement, Section 301 preemption squarely applies.

2. **Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing Claim (Third Cause of Action) is Clearly Preempted, Regardless of Comparable Job Security.**

"The implied covenant tort is a regulation of the employment relationship" and, therefore, "the implied covenant is inextricably intertwined with consideration of the terms of the labor contract." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1000 (9th Cir. 1987) (internal quotations and citations omitted). Section 301 preempts the implied covenant tort when an employee has comparable "just cause" job security under a collective bargaining agreement. *Id*. at 999; *accord Jackson v. S. California Gas Co.*, 881 F.2d 638, 645 (9th Cir. 1989); *Kirton v. Summit*

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

*Med. Ctr.*, 982 F.Supp. 1381, 1386, fn 1 (N.D. Cal. 1997); *Swoffard v. Hertz Corp.*, 2005 WL 701598, *3 (N.D. Cal. Mar. 24, 2005); *Gilliland v. Safeway Inc.*, 2008 WL 11267817, *7 (E.D. Cal. Oct. 10, 2008).

However, even where an employee does not have comparable "just cause" employment protection under the CBA, Section 301 preemption still applies where the union waived the right of an employee to the protection of California's implied covenant tort in exchange for benefits for more senior members. *Young*, 830 F.2d at 1001. In *Young*, the plaintiff returned to work as a waitress and was terminated the same day. *Id*. at 996. The plaintiff's waitress position was classified within a collective bargaining unit by an applicable collective bargaining agreement. *Id*. Under that CBA, waitresses could be discharged at-will within the first 30 days and more senior employees could only be discharged for just cause. *Id*. Plaintiff brought a claim of breach of the implied covenant of good faith and fair dealing related to her termination. *Id*. The Ninth Circuit affirmed that removal of that case under Section 301 was proper because the plaintiff was covered by a CBA, and although it did not afford comparable job protection, the union waived her contractual job security rights to obtain job security for more senior employees. *Id*. As a result, the removal was proper.

In this case, Plaintiff's job was subject to the "just cause" provision in Section 27.1 of the CBA and protected by the grievance and arbitration procedure in Title 14 of the CBA. Thus, his Third Cause of Action is preempted under Section 301. Notably, under *Young*, this would be the case even if Plaintiff had not been covered by the "just cause" provision in the CBA.

**3.  Plaintiff's Claims for IIED and NIED (Fourth and Fifth Causes of Action) are Preempted.**

IIED and NIED claims premised on an alleged violation of a duty of care or duty of good faith and fair dealing are generally preempted under Section 301, because such claims require interpretation of the CBA to determine the reasonableness of the defendant's conduct. *Ortiz v. Permanente Med. Group, Inc.*, 2013 WL 1748049, *7 (N.D. Cal. Apr. 23, 2013) (IIED "is not an independent, nonnegotiable standard of behavior. ... [I]t depends upon the relationship between [the parties] such that the terms of the CBA are relevant in evaluating the reasonableness or

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

outrageousness of defendants' conduct"). *Accord Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239-240 (9th Cir. 1990); *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088 (9th Cir. 1991); *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988); *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. California*, 827 F.2d 589 (9th Cir. 1987); *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989); *De'Sart v. Pacific Gas and Electric Co.*, 2018 WL 3545927, *5 (C.D. Cal. Jul. 18, 2018); *Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363, *11 (C.D. Cal. Mar. 15, 2018); *Miller v. AT&T Network Systems*, 850 F.2d 543, 550-51 (9th Cir. 1988); *Wise v. Solar Turbines, Inc.*, 2014 WL 2573324, *3 (S.D. Cal. June 9, 2014) ("A plaintiff faces an 'uphill battle' when he attempts to avoid Section 301 preemption of an IIED claim"). Plaintiff's Fourth and Fifth Causes of Action are preempted under Section 301 for this reason.

Here, the pleaded claims are replete with allegations that, in connection with the termination of Plaintiff, PG&E breached the implied covenant of good faith and fair dealing and a duty of care to Plaintiff. (*See* Compl. ¶¶ 14, 15, 16, 18, 19, 20, 23, 25, 26, 27.) Plaintiff's Fourth and Fifth Causes of Action are thus preempted under Section 301 for this additional reason, under *Young* and other case law cited in Section III(B) above.

### 4. This Court has Supplemental Jurisdiction Over Any Non-Preempted Claims.

All of Plaintiff's claims, including his First Cause of Action under the FEHA, are inextricably intertwined with the reasons and manner of his termination. Here, the argument in favor of Section 301 preemption of the entire action (even claims which, standing alone, would not be preempted) is further supported because the various provisions specific to the expressly temporary nature of Hiring Hall employees (as opposed to "regular employees") must be grappled with in determining whether PG&E wrongfully "den[ied] him open placements for which he was qualified" for discriminatory reasons (as Plaintiff claims in Paragraph 4 of the Complaint) or, instead, pursuant to the requirements of the CBA related to Hiring Hall employee. Accordingly, this Court has supplemental jurisdiction over the entre action, including any non-preempted claims, because all causes of action are sufficiently related so as to form part of the same case or controversy. *See* 28 U.S.C. § 1367; *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. California*, 827 F.2d 589, 592 (9th Cir. 1989).

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

DEFENDANT'S NOTICE OF REMOVAL
TO FEDERAL COURT

### E.  NOTICE TO PLAINTIFF AND THE SUPERIOR COURT

As required by 28 U.S.C. § 1446(d), PG&E will provide Plaintiff with prompt written notice of the Removal of the State Court Action.  Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the San Francisco Superior Court.

### F.  CONCLUSION

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of San Francisco, to the United States District Court, Northern District of California.  Defendant respectfully requests that this Court retain jurisdiction for all further proceedings.

Dated: January 10, 2023

LITTLER MENDELSON, P.C.

/s/ *Joshua D. Kienitz*
JOSHUA D. KIENITZ
DANIEL J. RODRIGUEZ

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

4858-5899-0150.2 / 101443-1136

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT